## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN M. CASTLEBERRY, JR.,

      Plaintiff,

v.                                                                  No. CIV-05-1221 WJ/WDS

ROBERT A. ULIBARRI, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Plaintiff's response to the order entered January 9, 2006, which required Plaintiff to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies. In his response, Plaintiff alleges that he attempted to exhaust administrative procedures, but that prison officials failed to give "proper response" to his informal complaints and thus he was precluded from exhausting formal grievance procedures. Attached to the response are copies of three informal complaint forms, documents from a state court habeas corpus proceeding, and a number of request forms for legal assistance. No grievance forms are attached. Plaintiff states that he "is no longer incarcerated . . . therefore it is impossible to further exhaust any remedies available."

      Plaintiff's response does not make a showing that he exhausted available administrative remedies. "The statute's [§1997e(a)] requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), *quoted in Gonzales-Liranza v. Naranjo*, 76 F. App'x 270, 273 (10th Cir. 2003). The informal complaint form has separate check-boxes to indicate whether the claim is resolved or requires formal grievance

proceedings. Each of the attached complaint forms indicates that it was returned by staff recommending "resolution" of Plaintiff's claims. Because Plaintiff was dissatisfied with the results of these informal complaints, he was required to submit grievances. *See Smith v. Tharp*, 97 F. App'x 815, 817 (10th Cir. 2004) (discussing federal procedures); *and cf. Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004) ("Prisoners are not required to . . . appeal favorable decisions. . . ."). "Nor is his argument that he gave notice of his claims to various Defendants by means other than the grievance process persuasive--the doctrine of substantial compliance does not apply." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Plaintiff had not exhausted his claims when he filed his complaint.

Plaintiff also argues that officials prevented him from pursuing administrative relief, thus rendering the remedies unavailable. As the Court of Appeals for the Tenth Circuit has noted, "the plain meaning of 'available' indicates that if a prisoner is hindered from utilizing the grievance procedure, then that grievance procedure is not available." *Baldauf v. Garoutte*, 137 F. App'x 137, 141 (10th Cir. 2005). Furthermore, "failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Jernigan*, 304 F.3d at 1032. Here, Plaintiff received responses to his informal complaints, although not to his satisfaction, and thus there is no issue of officials' failure to respond. And Plaintiff gains no support from his conclusory assertion that corrections policies prohibit grievances against disciplinary decisions. His claims are for denial of procedural due process in the forfeiture of good time credits, *cf. Smith v. Maschner*, 899 F.2d 940, 951 (10th Cir. 1990), denial of access to the courts, and wrongful conviction for damage to prison property. Plaintiff was required to exhaust these claims.

Finally, Plaintiff's release from incarceration does not aid his exhaustion argument. The

effect of his release is to procedurally bar him from exhausting administrative remedies. "[T]he PLRA, like 28 U.S.C. § 2254, contains a procedural default concept within its exhaustion requirement. A prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." *Ross*, 365 F.3d at 1190 (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "Moreover, we find no authority directly supporting the notion that an inmate's release on parole excuses his or her non-compliance with the statute while still incarcerated. . . ." *Hopkins v. Addison*, 36 F. App'x 367, 369 (10th Cir. 2002). Because Plaintiff is now barred from seeking administrative relief, the Court will dismiss his claims with prejudice. *See Barron-Baca v. Shoemaker*, 118 F. App'x 374, 375 (10th Cir. 2004) (affirming dismissal with prejudice, as harmless error, for failure to exhaust where limitation period had expired). Plaintiff's complaint will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE